UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 23 2016
```

Nathan Coleman,

                Petitioner,

–v–

ADA Perez,

                Respondent.

14-cv-7201 (AJN) (KNF)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are *pro se* Petitioner Nathan Coleman's objections to a report and recommendation (the "R & R") issued by the Honorable Kevin Fox, United States Magistrate Judge, recommending that Coleman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. *See* Dkt. No. 15. For the following reasons, the Court adopts the R & R in its entirety and therefore denies Coleman's petition.

I.    BACKGROUND

    The Court assumes familiarity with the facts as stated in the R & R. Briefly, in October 2008, Coleman shot his brother, Dwan Williams, in the leg. Coleman was subsequently convicted of second-degree assault and second-degree criminal possession of a weapon following a jury trial in the New York State Supreme Court, New York County. He was sentenced, as a second-violent-felony offender, to concurrent terms of six years' imprisonment on the assault count and eleven years' imprisonment on the weapon count, to be followed by five years of post-release supervision. His conviction was affirmed by the Appellate Division, and the New Your Court of Appeals denied leave to appeal. *See People v. Coleman*, 946 N.E.2d 181 (N.Y. 2011).

1

Coleman sought two forms of post-conviction relief in state court. In July 2011, he filed a motion for a writ of error coram nobis in the Appellate Division, arguing that his appellate counsel was ineffective in litigating his direct appeal. The Appellate Division summarily denied the motion, and Coleman did not seek leave from the Court of Appeals to appeal that decision. In July 2012, Coleman filed a motion in the Supreme Court, New York County to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that his trial counsel was ineffective. The court denied Coleman's motion on two grounds. First, it held that his claims were procedurally barred by CPL § 440.10(2)(c) because Coleman could have raised the issues in his § 440.10 motion in his direct appeal. Second, the court held that, in any event, Coleman's claims lacked merit. Coleman applied to the Appellate Division for leave to appeal, and that request was denied.

Coleman filed his federal habeas petition in this Court pursuant to 28 U.S.C. § 2254 on August 7, 2014. Dkt. No. 1 ("Pet."); *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (*pro se* prisoners' petitions are deemed filed on the date they are delivered to prison officials). The petition raises three grounds for relief: first, that Coleman's trial counsel was ineffective; second, that the police lacked probable cause when they arrested Coleman; and third, that an unduly suggestive identification procedure violated his right to a fair trial and the Confrontation Clause. Pet. at 6-11 of 18. After conducting an initial review of the petition, the Court ordered Respondent to submit an answer and referred the case to Magistrate Judge Fox. Dkt. Nos. 7, 8. The State of New York ("the State") filed a brief opposing the petition on July 15, 2015. Dkt. No. 13.

On September 23, 2015, Judge Fox issued his R&R recommending that the Court deny Coleman's petition. Judge Fox reasoned that (1) Coleman's ineffective assistance of counsel claim is barred because a New York court rejected the same claim on adequate and independent state procedural grounds; (2) Coleman cannot challenge the alleged lack of probable cause for his arrest—a Fourth Amendment claim—because he had a full and fair opportunity to litigate that issue in state court; and (3) any claim relating to the suggestiveness of the identification

2

procedures used in this case has been procedurally defaulted. R & R at 11-13. Coleman filed an initial version of his objections to the R & R on October 15, 2015, *see* Dkt. No. 17, but the Court granted Coleman's request for an extension. Dkt. No. 18. Coleman filed his revised objections on November 16, 2015, *see* Dkt. No. 24 ("Objections"), and the State has declined to respond further.

## II.    LEGAL STANDARD

When reviewing a report and recommendation on a dispositive motion, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to the report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* By contrast, the district court reviews unobjected-to portions of the report and recommendation for clear error. *Watson v. Geithner*, No. 11–CV–9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013).

Because Coleman is proceeding *pro se*, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III.   DISCUSSION

Coleman raises two objection to the R & R. First, he argues that his ineffective assistance of counsel claim is not barred because, although the state court that rejected the claim did so on procedural grounds, it also reached the merits of the claim. Second, Coleman raises various substantive arguments concerning the constitutionality of his arrest and of the identification procedures that were used in his trial and at a pre-trial hearing. Both objections are unavailing.

3

With respect to the first objection, Coleman appears to concede that Judge Fox is correct that New York's CPL § 440.10(2)(c) provides an adequate and independent basis for barring an ineffective assistance of counsel claim where, as here, the alleged basis for the claim is evident from the trial record. *See* R & R at 11-12; *see also Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) (holding ineffective assistance of counsel claim procedurally barred where "the trial record provided a sufficient basis for the ineffective assistance claim"). Coleman argues, however, that because "[t]he state court analyzed [his] 440.10 motion . . . in a way that suggested it understood he was raising substantive constitutional claims," this Court "cannot apply the [rule of] procedural bar." Objections at 2 of 20. The Court disagrees.

The Second Circuit has made clear that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (quotation marks and citation omitted); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (emphasizing that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding" because "[b]y its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment"). The state court considering Coleman's post-conviction claim that his trial counsel was ineffective explicitly relied on CPL § 440.10(2)(c) as a basis for denying the claim. *See* SR 404-05.[1] The court also made clear that its rejection of the merits of Coleman's claim was an alternative holding. *Id.* at 410. Accordingly, the Court rejects Coleman's objection and adopts the R &R's conclusion that Coleman is barred from bringing his ineffective assistance of counsel claim.[2]

---

[1] "SR" refers to the State Court Record submitted along with the State's brief. *See* Dkt. No. 14, Exs. 1-8.
[2] Coleman also contends that the state court that considered his § 440.10 motion evaluated his probable cause claim "on its merits." Objections at 2 of 20. But the state court only addressed Coleman's probable cause argument in the context of his ineffective assistance of counsel claim. *See* SR 409. And for the reasons outlined above, the ineffective assistance of counsel claim is now procedurally barred.

4

Coleman's second objection is more difficult to parse, but it is in essence a challenge to the constitutionality of several aspects of his trial and pre-trial proceedings. First, Coleman contends that the state trial court unreasonably applied clearly established federal law in holding at a pre-trial hearing that there was probable cause for his arrest. Objections at 3 of 20. He argues that the State failed to sustain its burden of showing probable cause, that testimony introduced at the hearing violated the Confrontation Clause, and that the state court failed to assess the evidence submitted for reliability and credibility. *Id.* at 6-8 of 20. Second, Coleman challenges police and layperson testimony at his trial in which he was identified in a surveillance video. *Id.* at 9-11 of 20.[3]

Each of these arguments, however, goes to the merits of Coleman's underlying constitutional claims, and not the procedural barriers that Judge Fox relied on in his R & R. With respect to Coleman's argument that the police lacked probable cause to arrest him, Judge Fox correctly noted that "[a] state prisoner cannot obtain federal habeas corpus relief on a Fourth Amendment claim if he had a full and fair opportunity to litigate that claim in state court." R & R at 12; *see also Stone v. Powell*, 428 U.S. 465, 481-82 (1976) (restricting Fourth Amendment habeas claims "in light of the nature and purpose of the Fourth Amendment exclusionary rule"). And although Coleman briefly contends that he "did not have a full and fair suppression hearing," Objections at 8 of 20, he has put forward no arguments that would allow the Court to reach that conclusion. The Second Circuit has identified two circumstances in which a habeas petitioner may raise a Fourth Amendment claim: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Here, as Judge Fox noted, the corrective procedure available to

---

[3] Coleman also argues that he suffered prejudice due to his trial counsel's allegedly deficient performance. Objections at 12-17 of 20. But that argument goes to one of the prongs in the ineffective assistance of counsel analysis, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), and does not provide an independent basis for habeas relief.

Coleman was CPL Article 710, which governs the process for litigating Fourth Amendment claims in New York. *See id.*, 975 F.2d at 70 n.1. And Coleman cannot credibly argue that he was precluded from using this mechanism, given that he received an evidentiary hearing on the issue of whether there was probable cause for his arrest. Accordingly, to the extent Coleman's arguments address the analysis in Judge Fox's R &R, the Court's de novo review results in the conclusion that Coleman cannot obtain habeas relief on his Fourth Amendment claim because he had a full and fair opportunity to litigate that claim in state court.

Similarly, Coleman's arguments concerning the identification procedures that were used in his case do not respond to Judge Fox's analysis that these arguments are procedurally defaulted. In Coleman's CPL § 440.10 motion, the only claim he raised was that his trial counsel's performance was deficient, *see* SR 372-83, and Coleman likewise did not raise the arguments in his habeas petition in his direct appeal. Coleman's failure to previously raise the arguments in his petition concerning the constitutionality of the identification procedures used in his case can only be excused if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or if he can show that "failure to consider [his] claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Coleman's objections do not expressly challenge Judge Fox's determination that neither exception applies here, *see* R &R at 13, other than to contend that failing to consider his habeas claims would subject him "to a miscarriage of justice," Objections at 17 of 20. This argument in meritless. As the Second Circuit has explained, the Supreme Court has "limited the availability of the 'miscarriage of justice' exception to 'extraordinary case[s], where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Coleman does not attempt to argue that he is actually innocent. Accordingly, a de novo review leads this Court to the same conclusion as Judge Fox: Coleman has procedurally defaulted his claim that unconstitutional identification procedures were used, and he has not shown that one of the narrow exceptions to procedural default applies.

6

Finally, the Court has reviewed the rest of the R &R for clear error and has found none. The Court therefore adopts the R & R in its entirety, and Coleman's petition is denied.

## IV. CONCLUSION

For the foregoing reasons, Coleman's petition for a writ of habeas corpus is DENIED. In addition, the Court declines to issue a certificate of appealability. Coleman has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is requested to terminate this case.

SO ORDERED.

Dated: March 23, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge